Dear Representative Hofman:
You have recently requested an opinion from this office as to whether Art. X, § 22, Mo. Constitution (adopted November 4, 1980), would require the Black Jack Fire Protection District in St. Louis County to submit a proposed levy increase for electorate approval prior to its taking effect.
We have been informed that as of November 4, 1980, a total levy of 55 cents per one hundred dollars valuation was authorized to the Black Jack Fire Protection District. Of that total, 30 cents was authorized by the board of directors of the district pursuant to § 321.240, RSMo 1978. An additional 25 cents was approved by the voters within the district according to the provisions of § 321.241, RSMo 1978, prior to the time the Hancock Amendment was adopted. To date, however, the district has imposed only 10 cents of the 25 cents previously authorized by the voters. We understand that our advice is sought concerning the remaining 15 cents which was approved but which has never been imposed.
Art. X, § 22, Mo. Constitution, provides in pertinent part:
 (a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, . . . when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . . (Emphasis added)
As we suggested in Op. No. 109, Lang, May 5, 1981 (a copy of which is enclosed), we do not believe that the Hancock Amendment requires any subdivision to seek voter approval prior to increasing any tax levy to a level which does not exceed the amount authorized on November 4, 1980 — the date upon which the amendment was adopted. To require Black Jack Fire Protection District to now resubmit the question of its authorized levy for voter approval when the full amount of the proposed levy was lawfully authorized prior to the date of adoption seems to us to be well beyond the discernible purpose or plain requirement of Art. X, § 22, Mo. Constitution.
CONCLUSION
It is, therefore, the opinion of this office that Black Jack Fire Protection District may, without additional voter approval, increase its levy to the full amount authorized to that entity by the voters under § 321.241, RSMo 1978, as of November 4, 1980.
The foregoing opinion, which I hereby approve, was prepared my assistant, Christopher M. Lambrecht.
Yours very truly,
 JOHN ASHCROFT Attorney General
enclosure: Op. No. 109 Lang, 5-5-81